# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BROWNLOW,<br><br>                    Petitioner,<br><br>      v.<br><br>LEROY D. BACA, Sheriff,<br><br>                    Respondent. | NO. CV 06-7389 AHM (FMO)<br><br>**ORDER TO SHOW CAUSE** |

Title 28 U.S.C. § 2254 confers jurisdiction on a district court to issue a writ of habeas corpus when a federal prisoner establishes that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "'[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833 (1973)); see also Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991) ("Historically, the function of the writ is to secure immediate release from illegal physical custody. The Supreme Court has held that under the writ of *habeas corpus* we cannot do anything else than discharge the prisoner from the wrongful confinement.") (internal quotations marks and citations omitted) (italics in original).

Subject matter jurisdiction over petitions filed under 28 U.S.C. § 2254 exists only when the petitioner is "in custody" under the challenged action at the time the petition is filed. Maleng v.

1  Cook, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 1925 (1989).  A person who is on parole is "in
2  custody" for the purposes of habeas jurisdiction. Goldyn v. Hayes, 444 F.3d 1062, 1063 n. 2 (9th
3  Cir. 2006).  "Mootness is jurisdictional.  This means that, throughout the litigation, the plaintiff must
4  have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be
5  redressed by a favorable judicial decision." Burnett, 432 F.3d at 999 (internal quotation marks and
6  citations omitted).  Thus, the "in custody" requirement divests federal courts of jurisdiction over
7  petitions once the petitioner is no longer "in custody."  See Cox v. McCarthy, 829 F.2d 800, 803
8  (9th Cir. 1987)  (district court lacked habeas jurisdiction because petitioner had already served
9  additional terms and been released on parole and therefore action challenging imposition of
10 additional terms was moot).

11     On November 19, 2006, petitioner filed a Petition for Writ of Habeas Corpus by a Person in
12 State Custody pursuant to 28 U.S.C. § 2254.  On February 6, 2007, petitioner filed a First Amended
13 Petition for Writ of Habeas Corpus by a Person in State Custody ("FAP") pursuant to 28 U.S.C. §
14 2254.  In the FAP, petitioner does not challenge the validity of a criminal conviction, but rather, he
15 challenges his parole revocation.  (See FAP at 2 & 5-6).  The court has recently received
16 information that petitioner has been discharged from parole.  Petitioner's discharge from parole,
17 which likely means that he is no longer "in custody," may  render this action moot.  See Spencer
18 v. Kemna, 523 U.S. 1, 14, 118 S.Ct. 978, 986 (1998) (habeas petition challenging a parole
19 revocation decision becomes moot when the term of incarceration connected to the revocation
20 decision expires unless there is an affirmative showing of specific collateral consequences); see
21 also Aaron v. Pepperas, 790 F.2d 1360, 1362 (9th Cir. 1986) (habeas petition challenging
22 imposition and duration of sentence becomes moot upon release from custody).

23     However, before taking affirmative steps to dismiss the case, the court will afford the parties
24 the opportunity to address whether there are any continuing collateral consequences as a result
25 of petitioner's incarceration sufficient to satisfy the "case or controversy" requirements of Article III,
26 § 2 of the United States Constitution.

27     Accordingly, IT IS ORDERED THAT:

28

1. Should petitioner wish to contend that this action has not been rendered moot by his discharge from parole, he shall, no later than **November 10, 2008**, file with the court and serve on respondent a Memorandum Re: Change in Custody Status ("Memorandum"), setting forth all collateral consequences resulting from his incarceration by respondent that he believes still exist. The court will construe the absence of any response from petitioner as evidence that he does not object to the dismissal of this action on mootness grounds.

2. Petitioner is reminded that pursuant to Local Rule 41-6, he has an obligation to keep the court and the opposing party advised of a current address throughout the duration of his lawsuit. Petitioner is advised that any failure to comply with his continuing obligation to keep the court apprised of a current mailing address, and any failure by petitioner to comply with a court order because petitioner did not receive the order due to petitioner's failure to inform the court of a current mailing address, could result in his case being dismissed for failure to obey the orders of this court and/or for want of prosecution.  If petitioner's address has changed, he shall serve on respondent and file with the court a Notice of Change of Address no later than **October 20, 2008**.

3. Respondent shall file a Response to petitioner's Memorandum no later than **November 24, 2008.**

Dated this 10th day of October, 2008.

                /s/
     Fernando M. Olguin
 United States Magistrate Judge